UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JESUS A. WAYNE, JR.,              )<br>                                             )<br>            Plaintiff,                   )<br>                                             )<br>     v.                                      )     Civil Action No.  1:25-cv-03537 (UNA)<br>                                             )<br>                                             )<br>DISTRICT OF COLUMBIA       )<br>GOVERNMENT, et al.,              )<br>                                             )<br>            Defendants.              ) | |

## MEMORANDUM OPINION

This matter is before the Court on Plaintiff's *pro se* Complaint ("Compl."), ECF No. 1, and Application for Leave to Proceed *in forma pauperis* ("IFP"), ECF No. 2.  The Court grants Plaintiff's IFP Application, and for the reasons explained below, it dismisses this matter for lack of subject matter jurisdiction.

The subject-matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented, *id*. § 1331, or the parties are of diverse citizenship and the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs," *id.* § 1332(a).  A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction.  *See* Fed. R. Civ. P. 8(a).  Failure to plead such facts warrants dismissal of the action.  *See* Fed. R. Civ. P. 12(h)(3).

Plaintiff, who resides in the District of Columbia, sues the D.C. government, and three unnamed individual defendants.  *See* Compl. at 1–2.  He does not provide full addresses for these Defendants, stating only that one is located in the District of Columbia, another is located in

Virginia, and the last individual is located in Maryland. *See id.* Plaintiff's failure to provide full names and addresses for the Defendants contravenes D.C. LCvR 5.1(c)(1).

The allegations themselves are spare; Plaintiff alleges only that, on September 30, 2025, the Doe Defendants trespassed at his property, and he supplies certain identifying information for their purported vehicles. *See id*. at 4–5. The Complaint is silent as to the involvement, if any, of the D.C. government. Plaintiff does not plead for any relief, stating "no relief, no lawsuit." *See id.* at 4.

Plaintiff has failed to establish subject matter jurisdiction. First, he has failed to state a federal question. *See* 28 U.S.C. § 1331. He does not invoke any authority that provides a federal cause of action, nor can the Court independently discern any basis for federal question jurisdiction from the facts given in the complaint. *See Johnson v. Robinson*, 576 F.3d 522, 522 (D.C. Cir. 2009) (per curiam) ("[F]ederal court jurisdiction must affirmatively appear clearly and distinctly.") (quoting *Bilal v. Kaplan*, 904 F.2d 14, 15 (8th Cir.1990) (per curiam)).

Second, Plaintiff has failed to establish diversity jurisdiction. *See* 28 U.S.C. § 1332. It is a "well-established rule" that the diverse citizenship requirement be "assessed at the time the suit is filed." *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991). Therefore, "the citizenship of every party to the action must be distinctly alleged [in the complaint] and cannot be established presumptively or by mere inference," *Meng v. Schwartz*, 305 F. Supp. 2d 49, 55 (D.D.C. 2004), and an "'allegation of residence alone is insufficient to establish the citizenship necessary for diversity jurisdiction,'" *Novak v. Capital Mgmt. & Dev. Corp.*, 452 F.3d 902, 906 (D.C. Cir. 2006) (quoting *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 792 n.20 (D.C. Cir. 1983)). Here, Plaintiff has failed to sufficiently allege the residences of the Defendants, let alone their respective domiciles or citizenships.

Assuming that the Doe Defendants are, in fact, domiciled in the respective locations listed in the Complaint, *see* Compl. at 2, Plaintiff still fails to establish diversity jurisdiction, because both he and one of the Defendants are both located in the District of Columbia, thus defeating complete diversity. *See Bush v. Butler*, 521 F. Supp. 2d 63, 71 (D.D.C. 2007) ("For jurisdiction to exist under 28 U.S.C. § 1332, there must be complete diversity between the parties, which is to say that the plaintiff may not be a citizen of the same state as any defendant.") (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373–74 (1978)) ("For jurisdiction to exist under 28 U.S.C. § 1332, there must be complete diversity between the parties, which is to say that the plaintiff may not be a citizen of the same state as any defendant."). Moreover, Plaintiff has not demanded any damages, let alone alleged that the amount in controversy plausibly exceeds $75,000.

Consequently, this case is dismissed without prejudice. *See* Fed. R. Civ. P. 12(h)(3). A separate Order will issue contemporaneously.

Date: January 2, 2026

/s/_____
ANA C. REYES
United States District Judge